Marciano v. Adams, 22-570 Hold on one second. Hold on. Again? No, hold on. Excuse me. Okay, please proceed. Good afternoon. I'm Patricia Finn. I'm here today on behalf of Detective Anthony Marciano. He is the plaintiff appellant. The matter involves the vaccination orders of the mayor and the Department of Health that were imposed upon him and all other municipal workers in October of 2021 responding to COVID-19. The vaccination orders were imposed without legislative authority or guidance in October of 2021, long after the peak of the COVID-19 crisis. It would be very helpful, at least for me, if you focus first on the mootness issue. Sure. Sure. Well, it's our position, of course, the case is not moot, that there is a live case and controversy before the court. And that is because all of the issues are either resolved or mooted at this point, except for the legal question. There may have been some factual issues, but at this point, what was removal appropriate is the vaccine, a licensed drug, but I would submit to you that that has sailed. What is moot? The injunction, the relief for the injunction is mooted because the mayor has rescinded the vaccination orders. But I would point out, there are other emergency orders out there. You may have read in the paper. What emergency orders are out there that affect Mr. Marciano? Well, they affect the availability and the liability of an emergency use vaccination, which is what we're talking about here. I'm sorry, I don't understand what you're saying. What I'm, I'm sorry. What is, what is it that you said there are other emergency orders? And I'm asking, I guess, a twofold question. What I asked was, are there any of those other emergency orders that affect Mr. Marciano? And I guess the second question is, did you challenge any of those others? I thought this case was a challenge to the vaccine mandate. It is, it's a challenge to the vaccine mandate under the grounds that this particular vaccine is an emergency use authorized drug. It's not the same. Right, but if you say that there's still a legal issue which is unresolved, I suppose that's true. There are many legal issues that are unresolved. But the question is, you have a client, a plaintiff, who has made certain assertions and sought certain relief. And the question is, are those claims still live controversies? Is that relief still something that matters? And you're saying, it sounds to me like you're saying, well, we never got an answer to the legal question. Well, that's true. But if you didn't have a plaintiff in the first place, withstanding the fact that there's a legal question out there doesn't get you jurisdiction in the federal court. And if you start with such a question, with such a client, but his claims become moot, either because he submits to the vaccination or because the vaccination mandate is removed, now there's nothing to enjoin, nothing to decide that affects him anymore. Well, there's very much the possibility of the vaccine or an emergency use drug being reimposed on municipal employers. Sure. You could have another epidemic. You could have another vaccine. You could have another type of order that affects different kinds of employees or different kinds of citizens. Lots of things could hypothetically happen. But the federal courts don't have jurisdiction to decide all the hypothetical things that could happen. We have to decide whether there's somebody here who has a live case or controversy. And indeed he does. Just last week, the Fifth Circuit in a very similar case, Feds for Medical Freedom versus Joe Biden, nearly identical to this case, talked about declaratory relief, which is the only relief that we are seeking. We are seeking a declaration that emergency use drugs may not be mandated, period. That involuntary medical treatment, which this is, requires a due process hearing under both state law and the due process clause. But isn't that entirely hypothetical? In other words, suppose what you're saying now, you could have brought this same case when there was no pandemic, when there was no mandate, and you could raise exactly the same questions and they would be not resolved legal questions. There are such things as emergency drugs. It's entirely possible that some legislature or some mayor would mandate their use. And wouldn't it be nice to know in advance, before that happens, whether those mandates would be legal or not? Yeah, it might be nice, but you don't have someone present in court who has a concrete stake in that issue. I respectfully disagree. He's indeed a stakeholder. He's a municipal employee. He's subject to the authority of the mayor to impose these types of vaccines. Hypothetically, at some future date, with respect to some hypothetical future vaccine. Because that's what's still alive. The prior order is all done. Your Honor, there is the issue of adult mandates as well. Even in the opposition papers, the government, the city attorney said, well, we have every right to impose smallpox vaccine or some other vaccine. Adult mandates are illegal in New York State. EUA drugs cannot be mandated in New York State. The due process requirements of both the state law and the federal constitution require that an individual being subjected to these types of drugs is required to have a due process hearing before a magistrate. And the fact it's a live controversy is that he still works for the mayor. And the mayor could, we've had an epidemic every two years. I've been here for every one of them. And I can tell you that it's not hypothetical. The mayor has retained the putative authority to impose involuntary medical treatments, which in this case happen to be experimental. Just to be clear, this drug that is being distributed, it's not even a vaccine. It's classified as an experimental drug. So it's clearly not new. He's seeking declaratory relief because he has nowhere else to go. Because of no-fault liability for any type of vaccine injury, he can't bring an action for negligent infliction of emotional distress, battery, assault, anything that has occurred in this case. The only relief that he can get. He hasn't asked for any of that. Because it's not available. It's completely unavailable. If you're injured by a vaccine. I understand that. But, I mean, you're talking about, again, these hypothetical possibilities. What we're looking at is prospective relief. And is there someone before the court who is harmed by some existing state of affairs? And you've got someone who's, you know, maybe he's suffered harm, but he's not asking for damages for the harm that he suffered before. He's asking for prospective relief to stop something that doesn't exist anymore and that he has complied with. You know, Judge, I understand your point. But if I may, because I'm running out of time. Well, you've run out of time, but that's okay. The Fifth Circuit just last week, I was talking to you about feds for medical freedom versus Biden. All you have to do in this case is swap out Joe Biden for Mayor Adams and feds for medical freedom for the appellant, Detective Mauriziano, in this case. They are nearly identical. And the Fifth Circuit said, when a plaintiff seeks pre-enforcement review, which is what this is, it is challenging the legal authority, the dual relationship between these two parties that is unresolved and is appropriate for declaratory relief, particularly when there is no other relief, as I stated. Thank you very much. We'll reserve some time for rebuttal. Is that right? Yes, sir. Thank you. We'll go from the other side. Good morning, Your Honors. Jesse Townsend for the appellees. This appeal is moot for two different reasons, and this court should dismiss. If this court were to reach the merits, this court should affirm the district court's opinion. As the city had the authority to adopt this requirement under both federal and state law. But I'll start with the motion to dismiss where the questions were focused. As I noted, this appeal is mooted for two different reasons. Both the repeal of the policy or the requirement that employees submit evidence of vaccination, as well as the reasons discussed in the facts submitted under seal to this court. And so what plaintiff is really seeking, given that this, and in fact, plaintiff concedes that the request for an injunction is mooted. So what this plaintiff is seeking is really an advisory opinion about a hypothetical possibility that the city may impose a similar requirement on its employees sometime in the future. And if so, this plaintiff wants an advisory opinion at the outset that that would be illegal. That's exactly what Article 3 prohibits federal courts from doing. And that's why it's moot. Plaintiff doesn't identify any exception to mootness that would apply. The one possibility would be the voluntary succession doctrine. However, as we argued in our motion, that doesn't apply here because the city did not act to gain a litigation advantage, but instead in response to the change in COVID metrics and the increased vaccination rate. And a plaintiff doesn't dispute that or argue that the voluntary succession doctrine would apply. So what about this? I'm not familiar with the Fifth Circuit case. Are you? I'm not, Your Honor. I can't speak to that. I would say, however, as opposing counsel described it, it's about pre-enforcement review. Yes, I noticed that. So, Your Honor, if, for example, in a purely hypothetical world, tomorrow the DOHMH announced a new requirement for its employees or for city employees, at that point a declaratory relief action could be potentially available for someone who objected to that or otherwise had standing. That's the idea of pre-enforcement review. What plaintiff is really seeking here is post-enforcement. Or post-non-enforcement. Post-non-enforcement. Retrospective, in some way, opinion about what happened, what was done, was it okay, was it legal. That is exactly an advisory opinion, Your Honors. So, Judge Lohier, if it were pre-enforcement, I think a declaratory relief action would still be appropriate. But, again, we're post and there's no longer standing. There never was. Because declaratory relief and injunctive relief are somewhat twinned in that regard, right? If it was a pre-enforcement challenge, you would also be, presumably in most cases, seeking injunctive relief as well. Now, there could be reasons why you'd split them up and only look for one or the other. But the standards would seem to me to be basically similar. In most cases, I agree with you, Your Honor. You would seek both. And in most cases, you would have standing or a live controversy as to both. One, it would be unusual for there to be just one and not the other. And it certainly, that standard certainly or that circumstance certainly doesn't exist here. If I could touch briefly on the capable of repetition yet evading review, which is a related doctrine here. Yes, the DOHMH has this authority. I would note, Your Honor, that it has never used this authority for city employees, although opposing counsel references pandemics every two years. It's not the case that DOHMH instructs city employees to get vaccinated every two years. That doesn't happen. Well, this was the one. This was the one. This was a once-in-a-century pandemic that sickened two million New Yorkers, sent hundreds of thousands of them to the hospital and killed tens of thousands of them. And in this circumstance, DOHMH acted this way. So any idea that it's going to happen again is just speculation. At the same time, it's not something that inherently evades review. There are still live cases about this requirement and the related Department of Education requirement because those are employees withstanding or former employees withstanding. They're still seeking back pay or something else. So it's not that what the city did was inherently something that evaded review. So really, no exception to this applies. Unless the court has questions about the merits, I would just say two things about the merits. The first is that the plaintiff at certain points during the briefing relied heavily on a case out of New York Supreme Court called Police Benevolent Association v. City of New York. The first department earlier this month has actually vacated that decision. No appellate court in New York State has ruled against the city and the related Department of Education requirement. The other thing, just with regard to the EUA v. fully approved status, throughout the life of this requirement, at least one of the COVID-19 vaccines was fully approved. Last week, I should note just last week, the FDA removed the original Pfizer and Moderna vaccines and authorized EUA use of the bivalent vaccines. But that happened, again, months after the city had repealed the requirement. Just one housekeeping note. There's a motion to unseal. Is that correct? Right, Your Honor. We submitted this material under seal. Our view is if the court relies on it and finds that this appeal is mooted, that material is a judicial document and presumptively it should be publicly available and plaintiff hasn't identified a reason or a controlling authority that prohibits the release. And for all those reasons, Your Honor, I ask that the court dismiss. Thank you. Thank you. I'll also ask you, Ms. Finn, about the motion to unseal, but at the end so you can proceed. Thanks. Judge, what I would argue is an advisory opinion is if I was here asking you to make a determination as to whether or not we have a licensed vaccine or an emergency use authorized drug, I think if I was here asking for that, that would be advisory. If I was asking for a due process hearing for my client to determine whether or not it is lawful to impose an involuntary drug on him, that would be an advisory opinion. That is not what I'm asking for. We are seeking declaratory relief. I heard you mention that you weren't... What is the declaration? Because the two things you just said could perfectly well have been examples of things you could be seeking now as declaratory relief. So what is different about a declaration that he had been entitled to a due process hearing or a declaration about the emergency drug and whatever it is that you want us to declare? Well, I want you to declare that EUA drugs are defined by the FDA as experimental and they may not be mandated. There is 159 EUA drugs, medical products out there. Every single one, well, at least three of them, excuse me, have been imposed during the COVID pandemic. Throughout that, they all escaped judicial review because of deference that the courts give to public health officials in the midst of an emergency. And I understand that. In Roman Catholic Diocese versus Cuomo, Justice Gorsuch talked about the towering authority of Jacobson and how many courts will summarily dismiss these types of challenges. And that's, in fact, laudable when you're facing a crisis. The members of the judiciary were not... I'm not a health official. You're not. We don't know. So there is a level of deference there. But if you were to determine that the EUA drugs are experimental and the second declaration would be that experimental drugs that are not obtaining informed consent require a due process hearing, that shifts the burden to the city. So it's not my burden to prove that the vaccines are safe or this is a proper public health measure. It's up to the government. I think we have that argument well in mind. Would you just briefly address the motion to unseal? Yes.  Of course. Well, not of course. First of all, if Detective Marciano had had the due process hearing that he was entitled to under 21-2020 of the public health law, public health law 2442 requiring informed consent, placing the burden on the city, we wouldn't be here right now.  Wouldn't his vaccination status be an issue in that very hearing? No. Not at all. Why? Because he would be saying I have a right not to be vaccinated. No. He'd be saying I have a right to refuse an involuntary drug. Exactly. But that only makes any sense for someone to ask for if he is unvaccinated. So he would be implicitly or explicitly saying that I am not vaccinated. So he would be disclosing his vaccination status by making that argument. Otherwise, it would be a hypothetical case. No. Respectfully, Your Honor, it would be a sealed case under his initials. And we didn't start out in federal court. This was a very simple Article 78 proceeding seeking relief under the state law. And after losing in the state court and my client obtaining a TRO, the city removed it. Now, I could argue that removal was improper, but I agree with you. That's likely moot. So just to summarize, you know, the declaration would be that the only available vaccine for COVID-19 is an emergency use drug. And that is an experimental drug. And under state and federal law, it cannot be mandated on anyone. Thank you very much. Thank you. Thank you. That moves our decision. Thank you both. That concludes today's argument calendar. I'll ask the Court of Deputy to adjourn court. Thank you. Court is adjourned.